UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY J. JOUBERT,

        Plaintiff,

vs.                         Case No. 3:06-cv-480-J-33TEM

CITY OF JACKSONVILLE,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant City of Jacksonville's Motion to Dismiss (Doc. # 3), filed on August 10, 2006. Plaintiff Timothy J. Joubert filed Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. # 4) on August 29, 2006. For the reasons stated below, Jacksonville's motion is due to be **GRANTED**, and Joubert's claim is due to be dismissed without prejudice.

**I. Background**

Joubert was a Firefighter/Paramedic with the City of Jacksonville Fire and Rescue Department. (Doc. # 1, at 2.) Joubert claims he suffers from a disability (Doc. # 1, at 3), but he does not specify the nature of the disability (see Doc. # 1). It is this failure to specify that Jacksonville identifies as fatal to Joubert's complaint. (See Doc. # 3.)

In May 2005, Joubert took a promotional examination. He requested that he be provided with a separate room and proctor for

the examination, as a reasonable accommodation for his disability. (Doc. # 1, at 2.)  Instead of granting that request, Jacksonville allowed Joubert to complete the examination in a lobby, where "multiple individuals pass[ed] by and star[ed] at [him]." (Doc. # 1, at 3.)  Joubert informed a proctor that he was not satisfied with the situation, but no corrective action was taken. (Doc. # 1, at 3.)  Several days later, Joubert asked for an opportunity to retake the examination. (Doc. # 1, at 3.)  His request was denied. (Doc. # 1, at 3.)  Joubert complains that Jacksonville's failure to meet his requests was unlawful under the Americans with Disabilities Act.

In its motion to dismiss, Jacksonville argues that Joubert has failed to plead a factual basis for his allegation that he is disabled under the Americans with Disabilities Act (ADA). (Doc. # 3, at 2.)  Jacksonville argues that, to state a claim under the ADA, "an employee must show that he or she (1) has a disability; (2) is qualified with or without reasonable accommodations; and (3) was unlawfully discriminated against because of his or her disability." (Doc. # 3, at 2.)

**II. Discussion**

    **A. Legal Standard**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must accept as true all the allegations in the complaint and construe them in the light most favorable to

2

the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  A court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); accord Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002).  But what allegations need a complaint make?

A complaint need not make detailed allegations.  Federal Rule of Civil Procedure 8(a)(2) requires of a complaint only that it set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint need not specifically plead every element of a cause of action.  Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the statement of a claim "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (internal quotation marks omitted)).  To give the required notice, a complaint must present more than mere "[c]onclusory allegations,

unwarranted deductions of facts or legal conclusions masquerading as facts . . . ." Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004).

"To establish a prima facie case under the ADA, a plaintiff must show that she (1) has a disability; (2) is qualified, with or without reasonable accommodations; and (3) was unlawfully discriminated against because of her disability." Albright v. Columbia County Bd. of Educ., 135 Fed. Appx. 344, 345 (11th Cir. 2005). Under the ADA, a disability is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such impairment; or (C) being regarded as having such impairment." Albright, 135 Fed. Appx. at 345 (quoting 42 U.S.C. § 12102(2)). To recover on an ADA claim, a plaintiff must establish the elements of the prima facie case, including the elements within the definition of "disability."

The complaint need not "specifically plead" each of these elements. See Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). "However, while notice pleading may not require that the pleader . . . allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)) (internal quotation marks

omitted). In the context of an ADA claim, it is apparent that the existence of a disability is a material element necessary to sustain recovery. Thus, a plaintiff must state general facts that support an inference that the plaintiff has a disability under the ADA. Id. These general facts must be sufficient to provide the defendant with notice of the claim. Swierkiewicz, 534 U.S. at 512. As such, they cannot be mere conclusory allegations. Jackson, 372 F.3d at 1262.

**B.  Analysis**

In its motion to dismiss, Jacksonville argues that Joubert has merely stated, without any factual support, the legal conclusion that he is disabled. (Doc. # 3, at 3.) Jacksonville complains that Joubert has given "absolutely no indication of the nature, character, or severity of his alleged disability." (Doc. # 3, at 3.) Jacksonville puts it simply, "[Joubert] has failed to allege a sufficient basis to establish he suffers a physical or mental impairment that substantially limits one or more of the major life activities of an individual; that a record of such impairment exists; or that he was regarded as having such impairment." (Doc. # 3, at 3.)

In his complaint, Joubert makes the following allegations as to his disability:

> 11.  At all material times, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2).

5

> 12.  Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).  More specifically, Plaintiff is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the job.
>
> 13.  Defendant's failure to accommodate Plaintiff was based on his physical impairment, and/or his record of such impairment and/or him having been regarded as having such impairment.

(Doc. # 1, at 3.)  This is the extent of Joubert's allegations as to his disability.

The Court finds that these allegations are conclusory under Jackson v. Bellsouth Telecomms., 372 F.3d 1250 (11th Cir. 2004). Joubert has failed to identify the nature of his disability. Instead, a generous reading of his complaint reveals essentially only two allegations: first, that Joubert "has been an individual with a 'disability' within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2)" (Doc. # 1, at 3); and second, that Joubert suffers a physical impairment, and/or has a record of such an impairment, and/or is regarded as having such an impairment (Doc. # 1, at 3).  These conclusory allegations do not provide fair notice of the grounds upon which Joubert's claim rests.  See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002).  Thus, Joubert's complaint contains insufficient "direct or inferential allegations" with respect to the material element of a disability.  For that reason, Joubert has failed to state a claim under the ADA.  As a result, Joubert's claim under

6

the ADA must be dismissed. However, because Joubert may be able to cure the deficiency in his complaint, this dismissal is without prejudice, and Joubert is granted leave to amend his complaint.

For the foregoing reasons, the Court grants Jacksonville's motion to dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant City of Jacksonville's Motion to Dismiss (Doc. # 3), filed on August 10, 2006, is **GRANTED**. Joubert's complaint is hereby dismissed without prejudice.

2. Joubert is hereby granted leave to cure the deficiency in his complaint. If Joubert chooses to file an amended complaint, Joubert shall file such amended complaint within TWENTY DAYS of the date of this Order.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 12th day of February 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record